ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE MAMMA MIA! USA TOUR 2           :   ECF CASE
LIMITED PARTNERSHIP, a New York     :
Limited Partnership,                :   06 Civ. 6079 (RCC)
                                    :
                Petitioner,         :   **EMERGENCY**
                                    :   **DECLARATION OF**
        -against-                   :   **AL J. DANIEL, JR.**
                                    :
THEATRICAL ARTS INTERNATIONAL, INC. and :
THEATRICAL ARTS INTERNATIONAL       :
FOUNDATION, California corporations, :
                                    :
                Respondents.        :
-----------------------------------------------------------------x

**AL J. DANIEL, JR.**, declares and says:

1.   I am an attorney admitted to practice in the Courts of the State of New York and this Court and am a partner in the firm of Cowan, DeBaets, Abrahams & Sheppard LLP, attorneys for Petitioner Mamma Mia! USA Tour 2 Limited Partnership ("Mamma Mia!"). Petitioner is producer of a road show production of the popular musical "Mamma Mia!" which was presented at Respondents' California Theatre in San Bernardino, California from February 21, 2006.

2.   The Verified Petition to Compel Arbitration and Enjoin Litigation was removed to this Court by Respondents from the Supreme Court of the State of New York, County of New York, on August 9, 2006, thus short-circuiting the hearing scheduled before that court for 9:30 a.m. today, August 10, 2006 by Order to Show Cause issued and served on August 4, 2006. The Petition was filed on August 3, 2006 in the Supreme Court. Respondents removed the case prior to the deadline for their response to the petition set for 5:00 p.m. yesterday, August 9, 2006, by

the Supreme Court's Order to Show Cause issued by the Honorable Charles E. Ramos, Justice of the Supreme Court.

3. Petitioner seeks an Order to Show Cause from this Court setting a deadline for response to the Petition by Respondents, scheduling a hearing on the Petition, and preliminarily ordering Respondents to participate in the arbitration proceeding commenced by Petitioner on June 27, 2006, subject to their contention that they are not obligated to do so, and enjoining Respondents from maintaining or continuing any civil action against Petitioner seeking to enjoin the arbitration or determine the merits of the dispute, including the action commenced by Respondents in the Superior Court of California in San Bernardino, California.

4. On June 27, 2006, Petitioner served a Demand for Arbitration upon Respondents, which was filed with the American Arbitration Association, asserting a claim for breach of contract and seeking approximately $103,719.05 for lost ticket revenues resulting from Respondents' alleged sale of tickets for the "Mamma Mia!" show at discounted prices, contrary to the parties' agreement. Petitioner's Demand for Arbitration was made pursuant to ¶ 17 of the Booking Agreement signed by the parties, which provides that "[a]ny claims, dispute, or controversy arising out of or relating to this [booking] agreement shall be submitted to arbitration in Manhattan, New York before one arbitrator pursuant to the rules then applicable of the American Arbitration Association ...."

5.

6. On August 3, 2006, I filed Mamma Mia!'s Verified Petition to Compel Arbitration & Enjoin Litigation in the Supreme Court of the State of New York, County of New York, along with a Memorandum of Law in Support, my Emergency Affirmation, and a proposed Order to Show Cause scheduling a hearing on the Petition and seeking preliminary relief.

7. The Petition to Compel was filed because, in the first case conference with the AAA Case Manager on July 21, 2006, Respondents' counsel revealed that Respondent Theatrical Arts had filed a civil action against Petitioner in the Superior Court of California, San Bernardino County, seeking a determination that it was not required to arbitrate Petitioner's claim and a determination on the merits that Respondents did not owe Petitioner any additional compensation for the show.

8. Respondents' California action had never been served upon Petitioner, though my investigation revealed that it had been filed on May 31, 2006, at a time when the parties' counsel had been attempting to negotiate a settlement of their dispute.

9. On August 4, 2006, the Honorable Charles E. Ramos, Justice of the Supreme Court of New York, issued an Order to Show Cause scheduling a hearing on Petitioner's Verified Petition to Compel Arbitration & Enjoin Litigation for 9:30 a.m. on August 10, 2006, in Room 238, 60 Centre Street, New York, New York, and requiring Respondents to serve any opposing papers by 5:00 p.m. on August 9, 2006. I served the Order to Show Cause, the Petition, and other papers upon Respondents' counsel on August 4, 2006. The court declined Petitioner's application for preliminary relief pending that hearing because Respondents had just purportedly served Petitioner with the summons and complaint in the California case on August 2, 2006 had not sought any preliminary relief, and the court was unable to reach Respondents' counsel by phone, though I had notified that I would be making an application for such relief.

10. However, yesterday, on August 9, 2006, I received a voicemail message from Respondents' counsel John G. Burgee, Esq., advising that he would be making an ex parte application for preliminary relief from the Superior Court of California at 8:30 a.m. in the Superior Court of California, in San Bernardino, California, seeking to enjoin Petitioner from

proceeding with its Petition in this case and staying the arbitration which Petitioner commenced on June 27, 2006.

11. After receiving Mr. Burgee's voicemail, I prepared a second Emergency Affirmation and Order to Show Cause for preliminary relief in order to protect Petitioner's rights pending the Court's determination whether Respondents were obligated to arbitrate their dispute in Manhattan. While submitting these papers to the Chambers of Justice Ramos, I encountered another attorney for Respondents who was delivering a copy of Respondents' Notice of Removal of this case to this Court, which was filed on August 9, 2006.

12. In light of Respondents' attempt to preempt this proceeding by obtaining preliminary relief in its stale California case and the removal of this case to this Court, I prepared this emergency declaration in support of Mamma Mia!'s application to preliminarily enjoin Respondents from proceeding with its California civil action or any other action relating to the subject matter of this dispute with Petitioner, pending this Court's determination of the Petition in this case.

13. Petitioner contends that Respondents are obligated to arbitrate their pending dispute before the AAA pursuant to ¶ 17 of the parties' Booking Agreement. Petition Exhibits 1-2 and 4. The arbitration provision signed by both parties provides for arbitration before the American Arbitration Association in Manhattan, New York. This is the proper forum for a Court to determine whether that provision obligates Respondents to arbitrate Petitioner's claims. CPLR § 7501 et seq. and United States Arbitration Act, 9 U.S.C. § 1 et seq. The parties' agreement affects interstate commerce and is thus subject to the federal Arbitration Act. Id.

14. The preliminary relief sought by Petitioner is appropriate under the United States Arbitration Act, 9 U.S.C. § 4, and necessary to protect Mamma Mia!'s claimed contractual right

to arbitrate its dispute with Respondents for approximately $103,719.05 in connection with Petitioner's road show production of the musical "Mamma Mia!" presented at Respondents' theatre in San Bernardino, California during February 21-26, 2006.

15.     If Respondents are not compelled to continue participation in the AAA arbitration, pending this Court's determination whether it is contractually obligated to do so, and preliminarily enjoined from litigating the same issue and seeking a determination on the merits in a California court, Petitioner's claimed right to pursue and obtain award in arbitration may be rendered ineffectual.

16.     For the foregoing reasons, and those set forth in the Verified Petition to Compel Arbitration & Enjoin Litigation, and the Memorandum of Law in Support, the Court should issue a temporary restraining order and preliminary injunction pending a determination of the relief sought in the Verified Petition.

17.     A prior application was made to the Supreme Court for the preliminary relief in conjunction with scheduling a hearing. However, circumstances have changed dramatically, since Respondents' intend to ask a California court at 8:30 a.m. (PST) on August 10, 2006, to enjoin Petitioner from proceeding in this case and to enjoin Petitioner from proceeding with its pending arbitration before the AAA. These new circumstances justify the preliminary relief now sought in order to protect this Court's jurisdiction and Petitioner's claimed right to arbitrate its dispute with Respondents.

Dated: August 10, 2006
      New York, New York

                                                /s/ Al J. Daniel, Jr.
                                                Al J. Daniel, Jr. (AD 9333)
                                                COWAN, DeBAETS, ABRAHAMS
                                                    &amp; SHEPPARD LLP
                                                41 Madison Avenue, 34th Floor
                                                New York, New York 10010
                                                (212) 974-7474
                                                Fax: (212) 974-8474
                                                Email: adaniel@cdas.com
                                                Attorneys for Petitioner