UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | | |
|---|---|---|
| THE MAMMA MIA! USA TOUR 2 | : | ECF CASE |
| LIMITED PARTNERSHIP, a New York | : | |
| Limited Partnership, | : | 06 Civ. 6079 (RCC) |
| | : | |
| Petitioner, | : | |
| | : | |
| -against- | : | |
| | : | |
| THEATRICAL ARTS INTERNATIONAL, INC. and | : | |
| THEATRICAL ARTS INTERNATIONAL | : | |
| FOUNDATION, California corporations, | : | |
| | : | |
| Respondents. | : | |

------------------------------------------------------------------------x

**RESPONDENT'S OPPOSITION TO PETITIONER'S APPLICATION FOR ORDER TO SHOW CAUSE WHY PETITION TO COMPEL ARBITRATION AND ENJOIN RESPONDENTS FROM LITIGATION SHOULD NOT BE ISSUED**

Theatrical Arts International, Inc ("Respondent")[1] respectfully submits its Opposition to Petitioner's Application for Order to Show Cause Why Petition to Compel Arbitration and Enjoin Respondent's from Litigation Should Not be Issued and in support thereof would show as follows:

1.   Petitioner's Emergency Application by Order to Show Cause to enjoin the state court action in *Theatrical Arts International, Inc. v. The Mamma Mia! USA Tour 2*; in the Superior Court of the State of California for the County of San Bernardino; Case No. SCVSS 138221 (the "California Action"), and to compel arbitration under Section 4 of the Federal Arbitration Act, 9 U.S.C. §§1 et. seq. (the "FAA"), should in all things be denied because it (a) violates the Anti-Injunction Act, 28 U.S.C. §2283, which prohibits federal courts from enjoining

---

[1] Respondent Theatrical Arts International Foundation objects to this Court's exercise of in personam jurisdiction over it and will make its jurisdictional objections at the time its responsive pleading is due. Theatrical Arts Foundation has not yet made its appearance in this action except for in the Notice of Removal.

state court proceedings except under stringent circumstances not present here; and (b) seeks to enforce an arbitration agreement never entered into among the parties that is therefore void *ab initio*. *See, Sphere Drake Ins. v. Clarendon Nat'l Ins. Co.,* 263 F.3d 26 (2d Cir. 2001).

2. In support of its Opposition Respondent submits the annexed Respondent's Memorandum of Law, Declaration of Joseph Henson, and Affirmation of John G. Burgee, Esq.

3. For the reasons set forth in this Opposition and supporting documents and evidence, Petitioner's request for entry of an order enjoining the California Action and compelling the parties to arbitrate their dispute should be in all things denied.

Dated: August 15, 2006
      New York, New York

                Respectfully submitted,

                Beigelman & Associates, P.C.

                By  /s/ Celso M. Gonzalez-Falla
                Celso M. Gonzalez-Falla (CG 4955)
                805 Third Avenue, 20th Floor
                New York, New York 10022
                (212) 230-1300
                Attorneys for Respondent
                Theatrical Arts International, Inc.