UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE MAMMA MIA! USA TOUR 2                    :    ECF CASE
LIMITED PARTNERSHIP, a New York              :
Limited Partnership,                         :    06 Civ. 6079 (RCC)
                                             :
                    Petitioner,              :
                                             :
    -against-                                :
                                             :
THEATRICAL ARTS INTERNATIONAL, INC. and      :
THEATRICAL ARTS INTERNATIONAL                :
FOUNDATION, California corporations,         :
                                             :
                    Respondents.             :
------------------------------------------------------------------x

**ORIGINAL**


**MEMORANDUM OF LAW IN SUPPORT
OF APPLICATION FOR ORDER TO SHOW CAUSE
WHY PETITION TO COMPEL ARBITRATION
AND ENJOIN RESPONDENTS FROM LITIGATION
SHOULD NOT BE ISSUED, WITH PRELIMINARY RELIEF**


COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474

## STATEMENT AND ARGUMENT

This memorandum of law is submitted in support of the petition of Mamma Mia! USA Tour 2 Limited Partnership ("Mamma Mia!"), and emergency application for an Order to Show Cause, pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 et seq., and Section 4 thereof, why respondents Theatrical Arts International, Inc. and/or Theatrical Arts International Foundation (collectively "Theatrical Arts") should not be ordered to arbitrate petitioner's claim for lost ticket revenues of approximately $103,719.05 resulting from Petitioner's road show production of the popular musical "Mamma Mia!" (the "Show") presented by Respondents during February 21-26, 2006 at the California Theatre in San Bernardino, California, as agreed in ¶ 17 of the parties' Booking Agreement, and enjoined from maintaining or continuing any civil action against Petitioner regarding the same subject matter, including an action filed by Respondent in the Superior Court of California, San Bernardino, California.

This case was removed to this Court from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1441 on August 9, 2006. The case was previously scheduled for a hearing before the Supreme Court on today, August 10, 2006 at 9:30 a.m., which was short-circuited by the removal. Meanwhile, Respondents advised Petitioner's counsel that they intend to seek a temporary restraining order against Petitioners in the Superior Court of California at 8:30 a.m. on August 10, 2006. See accompanying Emergency Declaration of Al J. Daniel, Jr. dated August 10, 2006.

Petitioner's attached Memorandum of Law in Support of Petition to Compel Arbitration and Enjoin Respondents from Litigation dated August 2, 2006, was filed in the Supreme Court, is attached to the notice of removal in this case, and is incorporated herein by reference.

## CONCLUSION

For the foregoing reasons, the Court should issue the proposed Order to Show Cause requiring Respondents to respond to the Petition to Compel et al., scheduling a hearing thereon, and granting the preliminary relief requested in the proposed Order to Show Cause, and should grant such other or further relief as the Court deems necessary and appropriate.

Dated:    August 10, 2006
          New York, New York

COWAN, DeBAETS, ABRAHAMS
& SHEPPARD LLP

By_____
     Al J. Daniel, Jr. (AD 9333)
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474
Attorneys for Petitioner
Mamma Mia! USA Tour 2 Limited Partnership

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
Application of                                                    :
                                                                  :
THE MAMMA MIA! USA TOUR 2                                         :
LIMITED PARTNERSHIP, a New York                                   :
Limited Partnership,                                              :
                                                                  :
                          Petitioner,                             :     Index No. 602724/06
                                                                  :
Pursuant to NY CPLR § 7503 and                                    :
The United States Arbitration Act, 9 U.S.C. § 1 et seq.           :
For An Order and Judgment Compelling Respondents                  :
To Arbitrate and Enjoining Respondents From                       :
Pursuing A Civil Action,                                          :
                                                                  :
        -against-                                                 :
                                                                  :
THEATRICAL ARTS INTERNATIONAL, INC. and                           :
THEATRICAL ARTS INTERNATIONAL                                     :
FOUNDATION, California corporations,                              :
                                                                  :
                          Respondents.                            :
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT
OF PETITION TO COMPEL ARBITRATION
AND ENJOIN RESPONDENTS FROM LITIGATION**

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT ..................................................................................................................... 2

ARGUMENT ...................................................................................................................... 5

I.  THE PARTIES AGREED TO ARBITRATE IN
    MANHATTAN AND THIS IS THE PROPER
    FORUM TO COMPEL RESPONDENTS TO DO SO ............................................... 5

II. THIS COURT SHOULD ORDER RESPONDENTS TO ARBITRATE
    PETITIONER'S CLAIMS PENDING BEFORE THE AAA ..................................... 7

III. THE COURT SHOULD ENJOIN THEATRICAL ARTS
     FROM PURSUING ITS CALIFORNIA LAWSUIT BECAUSE
     IT IS OBLIGATED TO ARBITRATE PETITIONER'S CLAIMS ......................... 10

CONCLUSION ................................................................................................................. 11

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the petition of Mamma Mia! USA Tour 2 Limited Partnership ("Mamma Mia!"), pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 401 et seq. and 7501 et seq., and the United States Arbitration Act, 9 U.S.C. §§ 1 et seq., to compel respondents Theatrical Arts International, Inc. and/or Theatrical Arts International Foundation (collectively "Theatrical Arts") to arbitrate petitioner's claim for lost ticket revenues of approximately $103,719.05 resulting from Petitioner's road show production of the popular musical "Mamma Mia!" (the "Show") presented by Respondents during February 21-26, 2006 at the California Theatre in San Bernardino, California, as agreed in ¶ 17 of the parties' Booking Agreement. See accompanying Verified Petition to Compel Arbitration & Enjoin Respondents from Litigation ("Pet.").

In pertinent part, the parties' Booking Agreement, ¶ 17, provides that "[a]ny claims, dispute, or controversy arising out of or relating to this [booking] agreement shall be submitted to arbitration in Manhattan, New York before one arbitrator pursuant to the rules then applicable of the American Arbitration Association ..." and that "the prevailing party in the arbitration being entitled to all costs including reasonable attorney's fees." Pet. Exs. 1-3.

On June 27, 2006, Mamma Mia! served upon Respondents and filed with the American Arbitration Association ("AAA") a Demand for Arbitration pursuant to the foregoing ¶ 17 of the Booking Agreement. Pet. Ex. 6.

However, during a case conference with the AAA Case Manager on July 21, 2006, counsel for Respondents asserted that they were not obligated to arbitrate the dispute and revealed that Theatrical Arts had, on May 31, 2006, file an action in a California state court for a determination and injunctive relief to the effect that it was not obligated to arbitrate and that it did not owe Mamma Mia! any additional compensation for the Show. Mamma Mia! and its

counsel were unaware of this action and Mamma Mia! has never been served with the summons and complaint in that action.

Mamma Mia! commenced this proceeding pursuant to the United States Arbitration Act to compel Theatrical Arts to arbitrate the dispute in accordance with the arbitration provision in ¶ 17 of the Booking Agreement of the parties and to enjoin Theatrical Arts from proceeding with its California suit.

## STATEMENT

The pertinent facts are set forth in detail in the accompanying Verified Petition. Briefly, Petitioner Mamma Mia! is the road show production of the popular musical "Mamma Mia!" which began in London, England, has had and continues a long run on Broadway in New York City, and has been presented in approximately seventy-five (75) cities in the United States in numerous different states.

The dispute in this case arises from Respondents' presentation of the Show at the California Theatre in San Bernardino, California during February 21-26, 2006. Mamma Mia! claims that Respondents sold certain tickets for the show at discounted prices below those required by Mamma Mia! and agreed to by Respondents, resulting in a loss of revenue to Mamma Mia! of approximately $103,719.05.

Beginning in 2003, Respondents theatrical presenters began negotiations with Petitioner for presentation of the Show at the California Theatre in San Bernardino, California. From the outset, Mamma Mia! made it clear that its ticket prices for the Show were non-negotiable and that it would seek another presenter in that area if Respondents did not agree to Mamma Mia!'s ticket prices.

After negotiations on various issues, the parties reach agreement on terms for the Show in 2005. On December 23, 2005, Mamma Mia! discovered that Theatrical Arts had been offering

tickets for sale for the Show at discounted prices below those agreed upon by the parties. However, since they had already been offered for sale at those prices, Mamma Mia! reluctantly agreed on these lower prices.

On January 11, 2006, Mamma Mia! sent Theatrical Arts execution copies of the Booking Agreement for signature by Theatrical Arts. On February 7, 2006, Theatrical Arts faxed the Booking Agreement signed by its president, who had made unauthorized changes to various terms, including a schedule of further discounts for tickets below those agreed upon by Mamma Mia! On February 8, 2006, Mamma Mia! sent an email to Theatrical Arts advising that it had not agreed to further ticket discounts and other changes made by Theatrical Arts.

Mamma Mia! signed the Booking Agreement on or about February 16, 2006, with changes made to conform to the parties' prior agreement. It was discussed with Theatrical Arts by Mamma Mia!'s Company Manager on or about February 21, 2006.

Neither Mamma Mia! nor Theatrical Arts made any changes to ¶ 17 of the Booking Agreement, which provides for resolution of any disputes by arbitration in Manhattan, New York under the auspices of the AAA. Pet. Exs. 1-3.

Mamma Mia! presented the Show at the Theatre pursuant to the Booking Agreement from February 21-26, 2006. Theatrical Arts paid Mamma Mia! the minimum guaranteed fee of $375,000 (less tax withholdings).

Mamma Mia! demanded that Theatrical Arts pay the additional sum of $103,719.05, the ticket revenue lost as a result of Theatrical Arts selling tickets to the Show at discounts which had not been agreed to by Mamma Mia! The parties' counsel were unable to negotiate a resolution of the dispute.

On June 27, 2006, Mamma Mia! served a Demand for Arbitration upon Theatrical Arts and filed it with the AAA, pursuant to ¶ 17 of the Booking Agreement. During the first

telephone conference with the AAA's Case Manager, counsel for Theatrical Arts advised that it disputed that it was obligated to arbitrate and, for the first time, advised that Theatrical Arts had filed a civil action in a California state court seeking to enjoin Mamma Mia! from proceeding with arbitration and to determine that Theatrical Arts owed no additional payments to Mamma Mia! Pet. Ex. 7.

An investigation disclosed that Theatrical Arts' attorney filed an action captioned Theatrical Arts International, Inc. v. The Mamma Mia! USA Tour 2 Limited Partnership and DOES 1 through 50, Case No. SCVSS 138221, in the Superior Court of the State of California for the County of San Bernardino on May 31, 2006 ("Theatrical Arts' Suit"). Pet. Ex. 7. Theatrical Arts did not purportedly serve Mamma Mia! with the summons and complaint in its suit until August 2, 2006, more than two months after it was filed and more than a month after Mamma Mia! commenced its arbitration. Theatrical Arts' attorney drafted the complaint in that action while negotiating with Mamma Mia's counsel. Pet ¶ 21 and Ex. 7.

The parties' Booking Agreement, ¶17, Pet. Exs. 1-3, provides for resolution of disputes by arbitration in Manhattan, New York and Mamma Mia! has commenced an arbitration proceeding in accordance with that provision.

## ARGUMENT

I. **THE PARTIES AGREED TO ARBITRATE IN MANHATTAN AND THIS IS THE PROPER FORUM TO COMPEL RESPONDENTS TO DO SO.**

Both New York and United States law strongly favor arbitration of disputes as agreed by the parties. CPLR § 7501 et seq.; United States Arbitration Act, 9 U.S.C. §§ 1 et seq. ("the Arbitration Act"); State of New York v. Philip Morris Incorporated, 813 N.y.S.2d 71, 75 (1st Dep't 2006). This Court should compel Theatrical Arts to fully participate in the arbitration proceeding commenced by Mamma Mia! in accordance with ¶ 17 of the parties' Booking Agreement, Pet. Exs. 1-3, and enjoin Theatrical Arts from maintaining or continuing any civil action against Mamma Mia! with the scope of their arbitration agreement, particularly the California state action commenced by Theatrical Arts. CPLR § 7503; see Section 4 of the Arbitration Act, 9 U.S.C. § 4.

CPLR § 7503 and the Arbitration Act authorize this Court to compel Theatrical Arts to arbitrate Mamma Mia!'s claims before the AAA in Manhattan as provided in ¶ 17 of the Booking Agreement. The agreement for arbitration was signed by both parties and ¶ 17 was unchanged by the parties, regardless of any dispute between them as to the applicable terms concerning ticket prices, or any contention by Theatrical Arts that the parties' entire agreement was induced by fraud, which present arbitrable issues for the arbitrator. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983); State of New York v. Philip Morris, supra.

The parties' agreement clearly had an effect on interstate commerce, making the federal Arbitration Act applicable here. Matter of Diamond Waterproofing Systems, Inc. v. 55 Liberty Owners Corp., 4 N.Y.3d 247, 250, 793 N.Y.S.2d 831, 832 (2005); Hirschfeld Productions, Inc. v. Mirvish, 88 N.Y.2d 1054, 1055, 651 N.Y.S.2d 5, 6 (1996). Petitioner Mamma Mia! is a

limited partnership organized under the laws of the State of New York with its principal office in Manhattan, New York City, whose partners, general and limited, are citizens of the States of New York and Delaware and are subjects of the foreign states of Sweden, the United Kingdom, Panama, and Canada. Respondents Theatrical Arts are corporations organized under the laws of the State of California, whose principal offices are located in California. Pet. ¶¶ 2-3. Petitioner Mamma Mia! has presented the Show in approximately seventy-five (75) cities in various states throughout the United States, including at Respondents' Theatre in San Bernardino, California. Pet. Compel ¶ 2. The parties' agreement clearly affected commerce within the meaning of the Arbitration Act. 9 U.S.C. §§ 1 and 2. Matter of Diamond Waterproofing, supra.

Theatrical Arts negotiated for presentation of the Show with Petitioner, a New York limited partnership based in Manhattan over a period of three years by telephone, email and otherwise. Theatrical Arts agreed in writing to resolve disputes with Mamma Mia! in Manhattan by arbitration. It thus consented to personal jurisdiction in this Court to the extent necessary to enforce the parties' arbitration agreement. CPLR §§ 7501 and 7502(a)(i). "By agreeing to arbitrate in New York, where the United States Arbitration Act makes such agreements specifically enforceable, the defendant must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in New York. To hold otherwise would be to render the arbitration clause a nullity." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos, 553 F.2d 842, 845 (2d Cir. 1977); accord, American Bureau of Shipping v. Tencara Shipyard S.P.A., 170 F.3d 349, 352 (2d Cir. 1999). Thus, this Court has jurisdiction, this is the proper venue, and Theatrical Arts is properly before the Court.

## II. THIS COURT SHOULD ORDER RESPONDENTS TO ARBITRATE PETITIONER'S CLAIMS PENDING BEFORE THE AAA.

This Court should order Theatrical Arts to arbitrate Mamma Mia!'s claims, now pending before the AAA, because Theatrical Arts agreed to do so in ¶ 17 of the parties' Booking Agreement. Pet. Exs. 1-3. New York and federal courts liberally enforce such agreements under the strong policies of this State and the United States favoring arbitration. CPLR §§ 7501 and 7503; Arbitration Act, 9 U.S.C. § 4.

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute ..., applying the 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985), quoting Moses H. Cone Memorial Hospital, 460 U.S. at 24. Under federal substantive law,

> questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

Moses H. Cone Memorial Hospital, 460 U.S. at 24-25; accord, Chelsea Square Textiles, Inc. v. Lazar, 189 F.2d 289, 294 (2d Cir. 1999) (acknowledging "bias in favor of arbitration"). This Court applies the Arbitration Act this agreement at issue involves and affects commerce among the states. Matter of Diamond Waterproofing, supra.

Mamma Mia!'s arbitration agreement with Theatrical Arts is clearly subject to the United States Arbitration Act because it concerns "a transaction involving commerce ...," defined in the Act as concerning "commerce among the several States or with foreign nations ...." 9 U.S.C. §§ 1 and 2. The phrase "involving commerce" in Section 1 of the Act is "the functional equivalent of the more familiar term 'affecting commerce'--words of art that ordinarily signal the broadest

permissible exercise of Congress' Commerce Clause power." The Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2003); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967); accord, Matter of Diamond Waterproofing Systems, supra, 4 N.Y.3d at 250, 793 N.Y.S.2d at 832.

Indeed, where there is an arbitration agreement covered by the Arbitration Act, the Act preempts any contrary state law that would otherwise provide a judicial remedy for the dispute involved. Perry v. Thomas, 482 U.S. 483, 489-491 (1987) (preempting California statute providing judicial remedy for wage dispute, despite arbitration agreement).

Petitioner Mamma Mia! - a New York limited partnership - is the producer of a road show of the popular musical "Mamma Mia!" which began on the London stage, is still running on Broadway, and has been presented in some seventy-five cities in numerous state across the United States. Petitioner's agreement with Theatrical Arts to present the show in the California Theatre in San Bernardino, California, clearly involves "commerce among the several states" and is subject to the liberal policy in favor of arbitration articulated by Congress in the United States Arbitration Act. 9 U.S.C. §§ 1 and 2.

Here, it is indisputable that Theatrical Arts and Mamma Mia! signed separate copies of the Booking Agreement which contained identical and unchanged arbitration provisions in ¶ 17. Pet. Exs. 2 and 4. Thus, Theatrical Arts should be compelled to arbitrate Mamma Mia!'s claim that it is owed additional compensation because Theatrical Arts sold discounted tickets contrary to the parties' agreement. The dispute between the parties as to the agreed terms for ticket prices is an arbitrable issue which must be resolved by the arbitrator in light of the undisputed agreement to arbitrate such disputes. Robert Lawrence Company, Inc. v. Devonshire Fabrics, Inc., 271 F.2d 402, 411 (2d Cir. 1959) (where both parties signed separate documents with identical arbitration provision, their dispute as to differences in contractual documents is for

arbitrator); accord, Denny v. BDO Seidman, L.L.P., 412 F.3d 58, 66-69 (2d Cir. 2005) (rejecting district court's refusal to compel arbitration based on lower court's conclusion that agreement was product of mutual fraud).  Accord, State of New York v. Philip Morris, supra.

Moreover, Theatrical Arts should be estopped from challenging the arbitration provision in the Booking Agreement which it exploited to its benefit.  Mag Portfolio Consultant, GMBH v. Merlin Biomed Group LLC, 268 F.3d 58, 61 (2d Cir. 2001); accord, Best Concrete Mix Corp. v. Lloyd's of London Underwriters, 413 F. Supp.2d 182, 187 (S.D.N.Y. 2006).

Where there is an agreement to arbitrate, as here, all remaining issues between the parties, including a claim that the contract was induced by fraud, are arbitrable and to be determined by the arbitrator.  Moses H. Cone Memorial Hospital, 460 U.S. at 24-25.  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  Id.  Accord, State of New York v. Philip Morris, supra.

It is clear that there was an agreement between the parties for Petitioner to present the "Mamma Mia!" show at Respondents' California Theatre in San Bernardino, California, from February 21, 2006.  Petitioner presented the Show during that time, as shown by the program for the Show and Respondents paid Petitioner the guaranteed minimum fee of $375,000 (less withheld taxes), as provided in ¶ 4(A)(1) of the Booking Agreement.  Pet. ¶¶ 14-15 and Exs. 2 and 5.  Any dispute between the parties as to whether additional compensation is due to Petitioner, as it claims, is grist for the mill of arbitration.

### III. THE COURT SHOULD ENJOIN THEATRICAL ARTS FROM PURSUING ITS CALIFORNIA LAWSUIT BECAUSE IT IS OBLIGATED TO ARBITRATE PETITIONER'S CLAIMS.

Arbitration agreements covered by the United States Arbitration Act "must be 'rigorously enforce[d].'" Perry v. Thomas, 482 U.S. at 490 (citation omitted).

In order to fully protect Mamma Mia!'s contractual right to resolve its disputes with Theatrical Arts by arbitration, which could be rendered ineffectual by Theatrical Arts' California lawsuit, the Court should enjoin Theatrical Arts from maintaining or further pursuing its California state court action, or any other within the scope of the parties arbitration agreement. Pet. ¶ 38. CPLR § 7502(c); see Section 4, Arbitration Act, 9 U.S.C. § 4. Theatrical Arts quietly filed its California action on May 31, 2006, but not even disclose that fact until after Mamma Mia! had commenced arbitration proceedings before the AAA, pursuant to ¶ 17 of the parties' Booking Agreement. The action was just purportedly served on Petitioner on August 2, 2006 in the midst of the AAA arbitration.

Courts regularly enjoin such lawsuits commenced in violation of an arbitration agreement covered by the Arbitration Act and CPLR § 7502(c), as this Court should do. Prima Paint Corp., 388 U.S. at 399 (Supreme Court and Second Circuit affirmed district court's stay of court action pending arbitration); SG Avipro Finance Ltd. v. Cameroon Airlines, 2005 U.S. Dist LEXIS 11117 (S.D.N.Y., 05 Civ. 755, June 8, 2005) (arbitration compelled; foreign suit enjoined); see Moses H. Cone Memorial Hospital, 460 U.S. at 22-25 (district court erred by failing to compel arbitration under Arbitration Act and enjoin state court action on same dispute). Accord, Congregation Darech Amuno v. Blasof, 226 A.D.2d 236, 640 N.Y.S.2d 564 (1st Dep't 1996); National Telecommunications Ass'n, Ltd. V. National Communications Ass'n, Inc., 189 A.D.2d 573, 592 N.Y.S.2d 591 (1st Dep't 1993); see Drexel Burnham Lambert Incorporated v. Ruebsamen, 139 A.D.2d 323, 531 N.Y.S.2d 547 (1st Dep't 1988).

Case 2:06-cv-06079-CM    Document 16    Filed 08/16/2006    Page 16 of 17

Theatrical Arts agreed to arbitrate disputes with Mamma Mia! arising from the Booking Agreement and production of the Show by arbitration before the AAA in Manhattan. It should be compelled to do so and it should be further enjoined from maintaining or pursuing its civil action against Mamma Mia! in California state court, consistent with the arbitration agreement which Theatrical Arts signed.

## CONCLUSION

For the foregoing reasons, the Court should enter an order as follows: (1) directing Theatrical Arts to proceed to arbitration forthwith; (2) enjoining Theatrical Arts from proceeding with its California suit against Mamma Mia! or commencing any other action concerning the disputes covered by the parties' arbitration agreement; (3) awarding Petitioner its costs, including reasonable attorney's fees as allowed by contract or law; and (4) granting such other or further relief as the Court deems necessary and appropriate under the circumstances.

Dated:   August 3, 2006
         New York, New York

                                COWAN, DeBAETS, ABRAHAMS
                                & SHEPPARD LLP

                                By_____
                                   Al J. Daniel, Jr.
                                41 Madison Avenue, 34th Floor
                                New York, New York 10010
                                (212) 974-7474
                                Attorneys for Petitioner
                                Mamma Mia! USA Tour 2 Limited Partnership

- 11 -

and (4) granting such other or further relief as the Court deems necessary and appropriate under the circumstances.

Dated:     August 2, 2006
           New York, New York

>                    COWAN, DeBAETS, ABRAHAMS
>                         & SHEPPARD LLP
>
>                    By _____
>                        Al J. Daniel, Jr.
>                    41 Madison Avenue, 34th Floor
>                    New York, New York 10010
>                    (212) 974-7474
>                    Attorneys for Petitioner
>                    Mamma Mia! USA Tour 2 Limited Partnership