UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE MAMMA MIA! USA TOUR 2            :    ECF CASE
LIMITED PARTNERSHIP, a New York      :
Limited Partnership,                 :    06 Civ. 6079 (RCC)
                                     :
                        Petitioner,  :
                                     :
    -against-                        :
                                     :
THEATRICAL ARTS INTERNATIONAL, INC. and   :
THEATRICAL ARTS INTERNATIONAL        :
FOUNDATION, California corporations, :
                                     :
                        Respondents. :
------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF PETITION TO COMPEL ARBITRATION
AND ENJOIN RESPONDENTS FROM LITIGATION**

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474

**PRELIMINARY STATEMENT**

This Court issued an Order to Show Cause on August 11, 2006 requiring Respondents to show cause why they should not be compelled to arbitrate Petitioner's Demand for Arbitration pending before the American Arbitration Association ("AAA") and enjoined from proceeding with any civil action against Petitioner regarding the same matter, pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 et seq., and Section 4 thereof.  Respondents served their opposing papers on October 15, 2006.

This memorandum of law, and the accompanying declarations of Kara Gebhart and Devin M. Keudell, are respectfully submitted in reply to Respondents' opposing papers and in further support of the Petition to Compel Arbitration & Enjoin Litigation ("Petition").  Mamma Mia! USA Tour 2 Limited Partnership ("Mamma Mia!") seeks to compel respondents Theatrical Arts International, Inc. and/or Theatrical Arts International Foundation (collectively "Theatrical Arts") to arbitrate petitioner's Demand for Arbitration pending before the AAA for hearing in Manhattan, New York, as provided in ¶ 17 of the parties' Booking Agreement.

Contrary to Respondents' opposing papers, Respondents agreed to arbitrate Mamma Mia!'s claims by signing the Booking Agreement which includes a broad arbitration provision in ¶ 17.  Petition, Exs. 1, 2-3.  Under long-established precedent, the arbitration agreement is severable from the rest of the agreement and the only issue for the Court is whether Respondents agreed to arbitrate.  Buckeye Check Cashing, Inc. v. Cardegna, ___ U.S. ___, 126 S.Ct. 1204 (2006), reaffirming the rule in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967).  The answer is yes.  Respondents do not contend that the broad agreement to arbitrate was induced by fraud or is void and it has not established that the underlying agreement is void.  Moreover, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.  Buckeye, 126 S.Ct. at 1209.

Theatrical Arts does not challenge the validity of the arbitration clause and should be ordered to arbitrate. Further, by incorporating the rules of the AAA in their arbitration provision, ¶ 17, Booking Agreement, the parties agreed that issues of arbitrability are determined by the arbitrator, not the court. JSC Surgutneftegaz v. President and Fellows of Harvard College, 2005 U.S. Dist. LEXIS 15991 at *17-18 (Aug. 3, 2005), aff'd, 2006 U.S. App. LEXIS 3846 (2d Cir. 2006) (unpubl'd), citing AT & T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 649 (1986) and Contec Corp. v. Remote Solution Co., 398 F.3d 205, 208 (2d Cir. 2005). AAA Rule 7(a) empowers the arbitrator to "rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." AAA Rule 7(b) provides, that an arbitration clause is "an independent agreement" and that an arbitrator's determination that "the contract is null and void shall not for that reason alone render invalid the arbitration clause." The Second Circuit held long ago that as to the terms of an underlying agreement, *e.g.*, where there were variations between an order and a confirmation, both containing arbitrations clauses, was for the arbitrator. Robert H. Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 409-410 (2d Cir. 1959).

The Anti-Injunction Act, 28 U.S.C. § 2283, does not bar the relief sought here, as Respondents contend. Federal courts, including this Court, regularly enjoin parties from litigation where there is a binding arbitration obligation. This Court and the Second Circuit have held that such relief falls within the exceptions to the Anti-Injunction Act in aid of the Court's jurisdiction and "to protect and effectuate its judgments …." Pervel Industries, Inc. v. T M Wallcovering, Inc., 675 F. Supp. 867, 870 (S.D.N.Y. 1987), aff'd, 871 F.2d 7, 8 (2d Cir. 1989).

This Court would err by withhold decision in this case under the federal Arbitration Act, in deference to the California state court proceeding commenced on May 31, 2006, but not even purportedly served on Mamma Mia! until August 2, 2006. Moses H. Cone Memorial Hospital v.

Mercury Construction Corp., 460 U.S. 1, 24-25 and n. 24 (1983). The Court there questioned, but was not required to decide, whether a state court could properly enjoin a party from seeking to compel arbitration under the federal Arbitration Act in a federal court. Id. at 24 n. 24. The California court has taken no action except to schedule a hearing on August 28, 2006, providing adequate time for this Court to act on the petition in this expedited proceeding.

Accordingly, the Court should enter an order and judgment compelling Respondents to arbitrate Mamma Mia!'s Demand for Arbitration pending before the American Arbitration Association ("AAA") and should enjoin Respondents from proceeding with their California suit or any other concerning the subject matter of this petition, pending conclusion of the arbitration proceeding and any subsequent judicial proceedings seeking to confirm or reject any arbitration award.

## STATEMENT

The pertinent facts are set forth in the Verified Petition to Compel Arbitration & Enjoin Litigation and in the accompanying declarations of Kara Gebhart and Devin M. Keudell, dated August 16, 2006, in reply to respondents' opposition.

Mamma Mia!'s Demand for Arbitration before the AAA seeks compensation for lost ticket revenues of approximately $103,719.05 resulting from Petitioner's road show production of the popular musical "Mamma Mia!" (the "Show") presented by Respondents during February 21-26, 2006 at the California Theatre in San Bernardino, California, pursuant to the Booking Agreement. The dispute is governed by the United States Arbitration Act because the contract and transaction affect interstate commerce. 9 U.S.C. §§ 1 and 2.

Mamma Mia!'s demand for arbitration was served and filed pursuant to the broad arbitration provision in ¶ 17 of the Booking Agreement signed by the parties in this case. Paragraph 17 of the Agreement provides:

> [a]ny claims, dispute, or controversy arising out of or relating to this [booking] agreement shall be submitted to arbitration in Manhattan, New York before one arbitrator pursuant to the rules then applicable of the American Arbitration Association … [and] the prevailing party in the arbitration being entitled to all costs including reasonable attorney's fees.

Petition, Ex. 2. The Booking Agreement, ¶ 14(b), also provides that New York law governs the agreement.

In conjunction with the petition to compel arbitration, Mamma Mia! also seeks to enjoin Respondents from maintaining or continuing any civil action against Mamma Mia! regarding the same subject matter, including an action by Respondent Theatrical Arts International, Inc. in the Superior Court of California, San Bernardino, California, filed on May 31, 2006, but not even disclosed until a conference with the AAA Case Manager on July 21, 2006. Theatrical Arts did not even attempt to serve the summons and complaint in its California action until August 2, 2006, more than two months after it was filed, and in violation of Rule 201.7(b) of the California Rules of Court, making it subject to dismissal for want of prosecution. Cal. Civ. Code § 583.410. Knight v. Pacific Gas & Electric Co., 178 Cal. App.2d 923, 3 Cal. Rptr. 600 (Ct. App. 4th Dist. 1960).

## ARGUMENT

Respondents' opposition to the Petition to compel arbitration and enjoin litigation is baseless. They erroneously contend: (1) that this Court is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining Theatrical Arts from proceeding with its California case in which they seek to enjoin Mamma Mia! from arbitration and seek a determination on the merits of their underlying dispute, and (2) that Respondents did not agree to arbitrate. Respondent Theatrical Arts International, Inc.'s Memorandum of Law in Support of Its Opposition ("Opp. Memo.") 5 and 8.

To the contrary, Theatrical Arts signed the Booking Agreement containing the broad arbitration provision in ¶ 17, is obligated to arbitrate, and should be compelled to do so. None of its contentions avoid their obligation to arbitrate. Further, Respondents should be enjoined, pending the arbitration and any subsequent proceedings to confirm or reject the award, from pursuing their California case or any other regarding the subject matter of this case. The Anti-Injunction Act does not preclude this relief. Pervel Industries, Inc., 675 F. Supp. at 870, aff'd, 871 F.2d at 8.

I.  **THEATRICAL ARTS SIGNED A BINDING ARBITRATION AGREEMENT AND SHOULD BE COMPELLED TO ARBITRATE MAMMA MIA!'S DEMAND FOR ARBITRATION BEFORE THE AAA.**

It is undisputed that Theatrical Arts signed the Booking Agreement, ¶ 17 of which contains a broad arbitration provision: "[a]ny claims, dispute, or controversy arising out of or relating to this [booking] agreement shall be submitted to arbitration in Manhattan, New York before one arbitrator pursuant to the rules then applicable of the American Arbitration Association …" and that "the prevailing party in the arbitration being entitled to all costs including reasonable attorney's fees." Petition, Ex. 2.

Theatrical Arts has not presented any evidence that the arbitration provision it signed was induced by fraud or is otherwise invalid. The Supreme Court has squarely held that arbitration provisions are severable from the underlying contract and if the parties have agreed to arbitrate, as Theatrical Arts has here, it is for the arbitrator to address its contention (however baseless) that the agreement was somehow infected by fraud. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967). This broad arbitration provision covers claims "relating to" the agreement, as well as those "arising from" the agreement. Pervel Industries, Inc. v. T M Wallcovering, Inc., 871 F.2d 7, 8 (2d Cir. 1989).

The agreement is clearly not "void," as Theatrical Arts contends because of supposed immaterial differences in the Booking Agreement signed by the parties, as explained in detail below.  In any event, the Supreme Court in <u>Buckeye Check Cashing</u>, <u>supra</u>, 126 S.Ct. 1204, rejected the distinction, upon which Theatrical Arts relies, between supposedly void and voidable underlying agreements.  In <u>Buckeye</u>, the party resisting arbitration claimed the entire contract was void because it allegedly violated Florida usury laws.  The Court held that, "because respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract.  The challenge should therefore be considered by an arbitrator, not a court."  <u>Id</u>. at 1209.  This Court has already had several occasions to apply and reject challenges to arbitration under <u>Buckeye</u>.  <u>Gonzalez v. The Ales Group, USA, Inc.</u>, 2006 U.S. Dist. LEXIS 45228 (S.D.N.Y., 06 Civ. 2207, July 6, 2006) at *3-4; <u>Abduljaami v. Legalmatch.com Inc.</u>, 2006 U.S. Dist. LEXIS 26327 (S.D.N.Y., 05 Civ. 9464, Apr. 25, 2006) at *12-13; <u>Titan Pharmaceuticals and Nutrition, Inc. v. Medicine Shoppe Int'l, Inc.</u>, 2006 U.S. Dist. LEXIS 10131 (S.D.N.Y., 05 Civ. 10580, Mar. 13, 2006) at *12-13 and n. 37; <u>Rubin v. Sona International Corp.</u>, 2006 U.S. Dist LEXIS 8379 (S.D.N.Y, 05 Civ. 6305, Mar. 3, 2006) at *8-9.

Moreover, the arbitration clause in the Booking Agreement, ¶ 17, makes the arbitration subject to the rules of the AAA.  Respondents have thus agreed that the arbitrator shall treat the arbitration clause as a separate agreement, Rule R-7(b), and shall determine his or her jurisdiction, "including any objections with respect to the existence, scope or validity of the arbitration agreement …." Rule R-7(a).  Further, AAA Rule 7(b) provides that "[a] decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause."  Thus, Respondents' contentions that the agreement is "void" must raised in

before the arbitrator.  JSC Surgutneftegaz, supra, 2005 U.S. Dist. LEXIS 15991 at *17-18 (Aug. 3, 2005), , citing AT & T Techs., Inc., 475 U.S. at 649 and Contec Corp. , 398 F.3d at 208.

Mamma Mia! fully performed under the Booking Agreement by presenting the "Mamma Mia!" musical at Theatrical Arts' California Theatre in San Bernardino, California, which Theatrical Arts obviously allowed it to do.  Theatrical Arts paid Mamma Mia! the guaranteed minimum fee of $375,000 (less withheld taxes) by bank check on February 21, 2006, the first day of the week's run of the show, as expressly required by ¶ 4(A)(1) of the Booking Agreement. Petition ¶ 2; see accompanying Declaration of Devin M. Keudell dated August 16, 2006, Ex. 1. The issue for arbitration is whether Theatrical Arts owes additional overage payments under ¶ 4(A)(2) of the Booking Agreement.

Theatrical Arts made no change to ¶ 4(A)(2) of the Booking Agreement, which required Theatrical Arts to pay Mamma Mia! 80% of weekly box office receipts as defined in ¶ 3 of the Booking Agreement, based on ticket prices specified in "the attached Schedule "A" (Ticket Prices and Gross Potential) …."  Theatrical Arts also made no change to the ticket Price Schedule A contained in "Schedule A" to the Booking Agreement, upon which box office receipts are to be calculated in ¶ 3 of the Booking Agreement.  Theatrical Arts inserted a handwritten "Price Sched B" [sic] in the middle of "Schedule A" to the Agreement, without explanation, but there is no reference to this "Price Sched B" anywhere else in the Agreement and it has no effect on the unchanged provisions for calculation of the 80% overage due Mamma Mia! under ¶ 4(A)(2) of the Booking Agreement.

Theatrical Arts' contentions regarding the meaning and effect of handwritten notations on the agreement are for the arbitrator, not this Court.

**II.   THIS COURT CAN AND SHOULD ENJOIN THEATRICAL ARTS FROM PURSING ITS CALIFORNIA STATE ACTION OR ANY OTHER REGARDING THE SUBJECT MATTER OF THIS CASE PENDING ARBITRATION AND ANY PROCEEDINGS TO ENFORCE OR VACATE ANY ARBITRATION AWARD.**

Theatrical Arts' contention that this Court cannot enjoin Respondents from proceeding with their California or any other litigation related to the subject matter of this petition under the Anti-Injunction Act, 28 U.S.C. § 2283, is baseless.

Mamma Mia!'s petition to compel arbitration under the Arbitration Act, 9 U.S.C. § 4, is before this Court for decision. "[T]he right to litigate in federal court is granted by Congress and … 'cannot be taken away by the State.'" General Atomic Co. v. Felter, 434 U.S. 12, 16 (1977), quoting Donovan v. Dallas, 377 U.S. 408, 413 (1964).  Thus, it would be erroneous for the Court to stay its hand in this petition under federal law in deference to a state court proceeding, as the Supreme Court held in Moses H. Cone Memorial Hospital, 460 U.S. 1, 24-25 and n. 24.

As in Cone Memorial Hospital, supra at 939-940, the mere fact that Theatrical Arts' filed its state case prior to the federal petition to compel cannot give it any advance under the circumstances here.  Theatrical Arts filed its California action while negotiating with Mamma Mia!, failed to disclose its existence to Mamma Mia! until a conference with AAA on July 21, 2006, after arbitration was commenced on June 27, 2006, and did not even purport to serve the summons and complaint upon Mamma Mia! until August 2, 2006. This was more than 60 days after the action was filed, making it untimely under Rule 201.7(b) of the California Rules of Court and subject to dismissal for want of prosecution.  Cal. Civ. Code § 583.410.  Knight v. Pacific Gas & Electric Co., 178 Cal. App.2d 923, 3 Cal. Rptr. 600 (Ct. App. 4th Dist. 1960).

This Court can and should enjoin Respondents from proceeding in their California case or any other seeking to address the same issues in conjunction with an order and judgment compelling arbitration.  At a minimum, this situation falls within the exceptions in the Anti-

Injunction Act, 28 U.S.C. § 2283, as necessary in aid of the Court's jurisdiction and "to protect and effectuate its judgments …," as numerous courts have held.  <u>Pervel Industries, Inc. v. T M Wallcovering, Inc.</u>, 675 F. Supp. 867, 870 (S.D.N.Y. 1987), <u>aff'd</u>, <u>Pervel Industries, Inc. v. T M Wallcovering, Inc.</u>, <u>supra</u>; <u>accord</u>, <u>Matter of Arbitration Between Nuclear Electrical Insurance Limited and Central Power and Light Co.</u>, 926 F. Supp. 428, 436 (S.D.N.Y. 1996), citing cases.

## CONCLUSION

For the foregoing reasons, the Court should issue an order and judgment compelling Respondents to arbitrate Petitioner's pending Demand for Arbitration before the AAA, enjoining Respondents from maintaining or commencing any action involving the same subject matter pending a final determination of the arbitration, awarding costs and reasonable attorney's fees as allowed by contract or law, and granting such other or further relief as the Court deems necessary and appropriate.

Dated: August 16, 2006
New York, New York

COWAN, DeBAETS, ABRAHAMS
& SHEPPARD LLP

By   /s/ Al J. Daniel, Jr.
Al J. Daniel, Jr. (AD 9333)
41 Madison Avenue, 34th Floor
New York, New York 10010
(212) 974-7474
Attorneys for Petitioner
Mamma Mia! USA Tour 2 Limited Partnership