Al J. Daniel, Jr., Esq. (AD 9333)
Cowan, DeBaets, Abrahams & Sheppard LLP
41 Madison Avenue
New York, New York 10010
Telephone: (212) 974-7474
FAX: (212) 974-8474

Attorneys for Petitioner
THE MAMMA MIA! USA TOUR 2
LIMITED PARTNERSHIP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE MAMMA MIA! USA TOUR 2 : ECF CASE
LIMITED PARTNERSHIP, a New York :
Limited Partnership, : 06 Civ. 6079 (RCC)
 :
               Petitioner, :
 : **DECLARATION OF**
  -against- : **DEVIN M. KEUDELL**
 : **IN REPLY TO**
THEATRICAL ARTS INTERNATIONAL, INC. and : **RESPONDENTS'**
THEATRICAL ARTS INTERNATIONAL : **OPPOSITION**
FOUNDATION, California corporations, :
 :
               Respondents. :
------------------------------------------------------------------------x

    **DEVIN M. KEUDELL**, declares and says:

    1.    I am the General Manager of The Mamma Mia! USA Tour 2 Limited Partnership ("Mamma Mia!"), the Petitioner in this case, with offices at Nina Lannan Associates, 1450 Broadway, Suite 2011, New York, New York 10038.

    2.    I signed the Booking Agreement with Respondents Theatrical Arts on behalf of Mamma Mia! and signed the verification for the Petition to Compel Arbitration & Enjoin Litigation in this case.

    3.    Mamma Mia! and Respondents negotiated the Booking Agreement in this case for performance of the show Mamma Mia! at Respondents' California Theatre in San Bernardino,

California through their respective booking agents -- The Booking Group on behalf of Mamma Mia! and Harmony Artists, Inc. on behalf of Respondents.

4. I have reviewed the Declaration of Joseph Henson dated August 10, 2006 submitted in opposition to the petition to compel arbitration and stay litigation. Mr. Henson's statement in ¶ 5 that Mamma Mia! had agreed that Theatrical Arts could sell tickets to the Mamma Mia! show at a discount to its subscribers is completely false.

5. I never agreed, on behalf of Mamma Mia!, that Theatrical Arts could sell tickets to the show at discounts for its subscribers. Mamma Mia! had another interested theatre in the same area of Southern California and would have taken the show to that theatre if Theatrical Arts had not agreed that there would be no subscription ticket discounts.

6. Kara Gebhart, Vice President of Operations, explains that The Booking Group informed Harmony Artists, Theatrical Arts' agent, at the outset, and repeatedly throughout negotiations, that Theatrical Arts could not sell tickets to the Mamma Mia! show at a discount for its subscribers. Her declaration includes emails from Theatrical Arts' agent Harmony Artists in which they acknowledge and agree that there will be no subscription discounts. See Declaration of Kara Gebhart in Reply to Respondents' Opposition dated August 16, 2006.

7. As explained in the Petition, ¶ 15, Theatrical Arts paid Mamma Mia! the guaranteed minimum fee of $375,000 (less withheld taxes) by bank check on or about February 21, 2006, the first day of the run of the show in San Bernardino, as required by ¶ 4(A)(1) of the Booking Agreement.

8. Theatrical Arts should be ordered to arbitrate Mamma Mia!'s pending Demand for Arbitration for the additional compensation due to Mamma Mia! under ¶ 4(A)(2) of the Booking Agreement, in accordance with the arbitration provision in ¶ 17 of the Booking Agreement.

- 3 -

    I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 16, 2006.  New York, New York.


                                                   <u>/s/ Devin M. Keudell</u>
                                                      DEVIN M. KEUDELL